## MANNHEIMER BROTHERS v. THE KANSAS CASUALTY AND SURETY COMPANY.[1]

December 17, 1920.

No. 21,892.

**What reviewable on appeal.**

1. In an order denying a motion to vacate a default judgment, it was recited that the order was based on the failure of the proposed answer to state a defense. On an appeal from the order, the only question which should be considered is whether the answer did in fact state a defense.

**Opening default judgment—proposed answer stated no defense.**

2. Defendant issued a policy insuring plaintiff against loss from liability for damages by reason of its ownership and use of motor delivery trucks. The policy did not cover liability, if a truck was being driven by any person contrary to the statutory age limit of the state. While a truck was being driven by an employee over 16 and under 18 years of age, who held a state license as a chauffeur, there was a collision with another automobile and plaintiff was held liable for damages. *Held*, that plaintiff's truck was not being driven contrary to the statutory age limit of this state, sections 2621 and 2638, G. S. 1913, and chapter 33, Laws 1915, and therefore the proposed answer stated no defense.

**Statute—omitted parts of prior act repealed by substitute act.**

3. When an amendatory statute is a substitute for the original statute, it repeals those parts of the prior act which it omits.

Action in the district court for Ramsey county to recover $2,630.73 upon defendant's automobile policy. The case was heard by Haupt, J., who made findings and ordered judgment in favor of plaintiff, defendant making no appearance. From an order, Michael, J., denying its motion to vacate the judgment in favor of plaintiff and for leave to interpose an answer, defendant appealed. Affirmed.

*Dille, Hoke, Krause & Faegre* and *R. F. Merriam,* for appellant.

*C. D. & R. D. O'Brien,* for respondent.

[1] Reported in 180 N. W. 229.

LEES, C.

This is an appeal from an order denying defendant's motion to vacate a default judgment and for leave to answer.

In July, 1918, defendant insured plaintiff for the term of one year against loss from liability for damages by reason of its ownership and use of automobiles in transporting merchandise. The policy contained a clause reading:

"This policy does not cover in respect of any automobile while driven or manipulated by any person contrary to the statutory age limit of any state or under the age of sixteen years, where there is no age limit."

In March, 1919, one of plaintiff's delivery trucks collided with an automobile occupied by Charles L. Hillstrom and Walter Hanscom, under the circumstances related in Hillstrom v. Mannheimer Bros. 146 Minn. 202, 178 N. W. 881. Hanscom sued and obtained a verdict against plaintiff for damages for personal injuries sustained in the collision and judgment was entered thereon. In defending the action plaintiff expended $1,050. It had requested defendant to defend, but it had declined to do so. Plaintiff paid the Hanscom judgment, and then brought this action to recover the sum paid and its expenditures in making its defense.

The summons was served January 14, 1920, by the delivery of copies to the commissioner of insurance. On February 7, 1920, a default judgment was entered for the amount demanded in the complaint. On February 20, 1920, defendant obtained an order to show cause why the judgment should not be vacated on the ground that it had failed to answer seasonably through inadvertence and excusable neglect. On March 1, 1920, the motion was denied and the order to show cause discharged. On March 22, 1920, a further order to the same effect was entered, reciting that it was made "on the ground and for the reason that the defendant's proposed answer * * * does not state facts sufficient to constitute a defense." The defense pleaded was that at the time of the collision the truck was being driven by one Sampson, who was employed by plaintiff as a chauffeur contrary to the Minnesota age limit; that he was less than 16 years of age and no chauffeur's license had been lawfully issued to him as prescribed by the statute.

The answer also raised an issue as to the reasonableness of plaintiff's expenditures in defending the case, but this issue was subsequently withdrawn. At the hearing of the motion plaintiff produced evidence that Sampson was born August 22, 1902, and it is now conceded that at the time of the collision he was over 16 and under 18 years of age.

1. Plaintiff urges that the showing to excuse the failure to answer was so unsatisfactory that the court properly denied the motion in the exercise of a sound judicial discretion. The recital in the order which we have quoted indicates that the motion was denied solely on the ground that the answer did not state a defense. We dispose of the case on the theory that this is the only question for our determination.

2. Two sections of our statutes control the decision of this question, section 2621, G. S. 1913, which declares that no person under the age of 16 years shall drive a motor vehicle, unless accompanied by the owner or by a duly licensed chauffeur, and section 2638, G. S. 1913, as amended by chapter 33, p. 40, Laws 1915, which creates a board to examine and license applicants for chauffeurs' licenses, directs that a license shall not be issued to any person under 18 years of age, requires each licensed chauffeur to wear a badge, and forbids the loaning of the license or badge to anyone. Since Sampson was over 16 he might lawfully drive an automobile otherwise than as a hired chauffeur, and the exception in the policy would have no application if section 2621 were involved alone. The language of the exception is not clear. It may be construed to mean only that the insured will not be protected if his automobile is driven by a person who is either under 16 or under such age as the statute fixes as the minimum. If that is the proper construction, defendant is liable. The construction for which defendant contends is that there shall be no liability, if the automobile of the insured was driven by a person under the minimum age fixed by statute for licensed chauffeurs, viz., 18 years. Sampson was under that age and was not entitled to receive a license, section 2638, G. S. 1913, and chapter 33, p. 40, Laws 1915, though in fact a license was issued to him in regular form in January, 1919, and he had also received a badge as a licensed chauffeur.

The prohibition of the statute, section 2638 as amended, is directed

against issuing a license to a person under 18. It does not expressly prohibit anyone under 18 from driving an automobile as a hired chauffeur. It prohibits anyone from driving as a chauffeur without having a license. It provides that a license shall not be issued to a person of defective eyesight, but not that such a person shall not drive an automobile. It directs that no license shall be issued to excessive users of intoxicating liquors, and in another section expressly declares that it shall be a misdemeanor for anyone to drive while intoxicated. The omissions, as well as the contents of the statute, are significant and must be considered in arriving at a correct construction. As it has stood since 1915, it has omitted express prohibition of the driving of an automobile by any person over 16 years of age either as a chauffeur or otherwise. Defendant's counsel argue forcefully that, notwithstanding such omission, the statute should be construed to prohibit a person under 18 from driving as a chauffeur. They insist upon the application of the doctrine that a statute is understood to contain by implication, if not by express terms, all such provisions as may be necessary to effectuate its objects and such collateral consequences as may be fairly and logically inferred from its terms. 3 Dunnell, Minn. Dig. §§ 8947, 8962.

In view of the growth of automobile traffic and the recklessness of some drivers, particularly those of immature years, the need for legislation is urgent. We have not the slightest disposition to relax the rules the legislature has prescribed to regulate automobile traffic, but we cannot supply omissions in the statutory law by judicial legislation or restore to the statute a provision which the legislature dropped out of it in 1915.

Section 2638, when first enacted, contained the following express prohibition:

"No person shall operate or drive a motor vehicle as a chauffeur upon a public highway of this state after the first day of January, 1912, unless such person shall have complied in all respects with the requirements of this section."

Section 4, c. 33, p. 40, Laws 1915, provided that section 2638 "be and the same is hereby amended so as to read as follows," and then wholly omits the prohibitory language above quoted. The statute was originally enacted in 1911. From 1911 to 1915 it expressly prohibited a person

from driving as a chauffeur upon a public highway, unless he had complied in all respects with the requirements of section 2638, and one of those requirements was that such person must be at least 18 years of age. In 1915, either intentionally or inadvertently, the legislature dropped this prohibition from the statute. At subsequent sessions it has not seen fit to restore it. If it had never been in the statute, there might be more room for a presumption that the legislature intended to prohibit a person under 18 from driving as a chauffeur for another. But the legislature first put it in the statute and later took it out, thereby indicating its purpose to change the scope and operation of the statute. We must take the statute as we now find it and are controlled by the familiar rule that, when an amendatory act is a substitute for the original statute, it repeals those parts of the prior act which it omits. St. Paul, M. & M. Ry. Co. v. Broulette, 65 Minn. 367-370, 67 N. W. 1010; Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717; State v. District Court of Ramsey County, 134 Minn. 131-136, 158 N. W. 798.

The order appealed from is therefore affirmed.