## Annie Bernhardt, Appellee, v. Merchants Reserve Life Insurance Company, Appellant.

### Gen. No. 25,911.

1. INSURANCE—*construction of policy.* The provisions of an insurance policy are usually construed most favorably for the insured in case of doubt or uncertainty in its terms.

2. INSURANCE—*when death not incurred while insured engaged in violating law.* A life insurance policy provided: "I hereby warrant * * * if at any time * * * I suffer death while engaged in violation of the law * * * the policy hereby applied for shall thereupon become null and void." Insured was injured while climbing between two cars of a freight train, which is forbidden by Hurd's Rev. St. 1919, ch. 114, pars. 79, 81 (J. & A. ¶¶ 8828, 8830) and was taken to a hospital, where he died 47 days later from "pneumonia and pericarditis, and the indirect cause of his death was a crushed foot and leg." *Held,* that recovery was not barred since he did not suffer death "while" violating the law even if climbing the cars was such violation.

3. WORDS AND PHRASES—*meaning of "while."* The word "while," as used in a clause in an insurance policy that it should be void if

insured suffered death "while" violating the law, does not include death 47 days thereafter though the injury sustained at such time was the indirect cause of the death of insured.

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed May 3, 1921.

Gideon S. Thompson, for appellant.

Frederick Peake, for appellee; James S. Wight, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This is a suit on a life insurance policy issued by appellant on the life of appellee's husband, who, while attempting to climb between two cars of a freight train had his foot crushed so that amputation was necessary. He was taken to a hospital, where he died 47 days later. It was stipulated between counsel "that the certificate of the attending physician that the direct cause of his death was pneumonia and pericarditis, and indirect cause of his death was a crushed foot and leg, might be taken as the truth."

The statute makes it a misdemeanor for anyone to climb or step upon or in any way to attach himself to a car, either stationary or in motion, upon any part of the track of any railroad, unless in so doing he shall be acting in compliance with law or by permission under the rules and regulations of the corporation then owning or managing such railroad. (Hurd's Rev. St. 1919, ch. 114, pars. 79, 81, J. & A. ¶¶ 8828, 8830.) There was some controversy over whether the train was moving when the deceased attempted to climb between the cars, but that fact is immaterial. There is no controversy about the material facts. The deceased was unquestionably guilty of a violation of said statute unless he was acting in compliance with the law or had

permission, as provided for in said statute. Defendant pleaded that he was not so acting and did not have such permission, but presented no proof in support of such plea, unless it was raised by the circumstances attending the accident. However, we deem that point also immaterial to a decision of the case, for it is conceded by appellant that the case turned upon the construction of the warranty clause in the application for insurance, which became a part of the contract.

The material part of such clause reads:

"I hereby warrant , * * * if at any time * * * I suffer death while engaged in violation of the law * * * the policy hereby applied for shall thereupon become null and void."

It is the contention of appellant that the attempt of deceased to cross between the cars was a violation of said statute, and that he consequently suffered death "while engaged in the violation of the law." On the other hand, appellee claims that a reasonable construction of the words is that the violation of law and the death must occur at the same time, and quotes the definition of the word "while," given in the Century Dictionary as meaning "during or in the time that," "as long as," "at the same time as"; and also cites the language of the court in *Chicago & A. R. Co. v. Fisher*, 141 Ill. 614, that "the word 'while' means 'during the time that,' and seems to necessarily imply some degree of continuance." And appellee invokes the well-settled rule of law, in case the meaning of the clause is doubtful, that construction must be placed upon the words of the policy which supports the insurance, and that, therefore, appellant's construction of these words must be rejected. It is well established law that provisions of an insurance policy are usually construed most favorably for the insured in case of doubt or uncertainty in its terms. (*Healey v. Mutual Acc. Ass'n of the Northwest*, 133 Ill. 556.) "If the clause in a policy is susceptible of two interpretations,

Bernhardt v. Merchants Reserve Life Ins. Co., 221 Ill. App. 66.

that one will be adopted which is most favorable to the assured, in order to indemnify him for the loss which he has sustained." (*Terwilliger v. National Masonic Acc. Ass'n,* 197 Ill. 9; *Grand Legion of Illinois, Select Knights of America v. Beaty,* 224 Ill. 346, and *State Nat. Bank of Springfield v. U. S. Life Ins. Co.,* 238 Ill. 148.)

Observing this rule and following the definition of the word "while" as usually employed, we think the construction of the warranty, as contended for by appellee, is the correct one, and, therefore, that the deceased did not meet his death while violating a law, even if it be conceded that the proof was sufficient to show that he violated it. It is immaterial, therefore, whether or not the accident was indirectly the cause of his death, for, upon the undisputed facts and such construction of the warranty, plaintiff was entitled to recover, and the court should have granted her motion for a directed verdict.

The case was submitted to the jury upon conflicting instructions. But we need not discuss them so long as plaintiff, under our holding, was in any event entitled to a judgment upon undisputed facts. The judgment, therefore, will be affirmed.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.