# CHARLESTON.

WALKER DRY GOODS CO. *v.* MASS. BONDING & INSURANCE CO.

Submitted January 24, 1922.    Decided January 31, 1922.

1. INSURANCE—*No Recovery Under Policy Indemnifying Against Injuries from Elevator Where Operator was Less Than 16 Years Old and Without Work Permit.*

   Where an insurance policy, indemnifying the plaintiff against loss for personal injuries caused by its elevator, expressly provided that the "policy does not cover on account of injuries or death caused by any elevator while in charge of any person *under the age fixed by law,* ordinance or municipal regulation for elevator attendants, or under the age of sixteen years, where no age is so fixed, "there can be no

recovery against the insurer on a judgment recovered against the plaintiff for personal injuries, where it appears that the elevator attendant was under sixteen years of age, and did not possess a work permit provided for, under chapter 17, Acts 1919.   (p. 127).

2.   INFANTS—*Statute Held to Fix Minimum Age of Elevator Attendants in Absence of Work Permits at 16 Years.*
Chapter 17, Acts 1919, fixes 16 years as the minimum age for the employment of elevator attendants, in the absence of a work permit as therein required.   (p. 126).

Error to Circuit Court, Kanawha County.

Action by the Walker Dry Goods Company against the Massachusetts Bonding & Insurance Company.   Judgment for plaintiff, and defendant brings error.

*Reversed and rendered.*

*A. Garnett Thompson,* for plaintiff in error.
*Payne, Minor & Bouchelle,* for defendant in error.

MEREDITH, JUDGE:

Plaintiff in error, Massachusetts Bonding & Insurance Company, on August 4, 1919, executed a policy of insurance whereby it agreed to indemnify the assured, Walker Dry Goods Company, ''against loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom accidentally suffered by any person or persons whomsoever, while in or entering upon or alighting from the car'' of assured's elevator, located in the store of the assured in the city of Charleston.   While said policy was in force, on December 24, 1919, Ronald Owenby, a passenger, fell or stepped from the elevator, while it was in motion, the door having been insecurely fastened by the attendant, thereby suffering severe bodily injuries, for which claim was made against the assured for damages.   Suit having been threatened, the Walker Dry Goods Company employed counsel to effect a settlement; to this arrangement the insurance company, without assuming liability on its part or waiving any of its rights under the policy, except as to the clause denying the right

of the assured voluntarily to assume any liability, assented, provided that the amount of such settlement should not exceed $2,000.00. Action was brought by the injured party against the assured, and a compromise was effected by the approval of the court, and judgment entered against the assured for $1,000.00 and costs, which was paid, and in addition thereto, certain hospital fees of the party injured, and the Walker Dry Goods Company thereupon made claim upon the insurance company for the amount so paid, including the sum of $250.00 for attorneys' fees for services in effecting such settlement, the total aggregating $1,393.86; this sum the insurance company refused to pay, and the Walker Dry Goods Company instituted suit therefor against the insurance company upon the policy. This action was tried by the court in lieu of a jury and on Feb. 3, 1921 judgment was rendered for the plaintiff against the insurance company for the sum of $1,393.86 and costs, from which judgment the insurance company is now prosecuting this writ of error.

The facts as outlined above are substantially admitted by both parties. The insurance company based its case below and relies for a reversal here upon clause "A" in the policy sued upon, which contains the following:

"This policy does not cover on account of injuries or death caused by any elevator while in charge of any person under the age fixed by law, ordinance or municipal regulation for elevator attendants, or under the age of sixteen (16) years where no age is so fixed."

It is agreed that at the time of the accident the elevator was being operated by Bedell Binford, a boy only 15 years and 17 days old, who had been employed out of school hours at odd jobs about the establishment for a year or more prior to December 24, 1919, the day of the accident. But one question arises in this case: Does the law applicable to the facts of the case fix the minimum age of an elevator attendant, within the meaning of the qualifying clause of the policy above quoted, and if so, what age does it fix? If no age is fixed by law, then the policy fixes the mini-

mum age at 16, and it is conceded by counsel for defendant in error that the insurance company would not be liable.

The only statute in this state bearing upon this point in controversy is the act relating to the employment of minors, chapter 17, Acts 1919. The title of that act is "AN ACT to prohibit and regulate the employment of minors."

Section 1 provides:

"That no child under fourteen years of age shall be employed, permitted or suffered to work in, about, or in connection with any gainful occupation except agriculture or domestic service; provided that boys twelve years of age or over may be employed in mercantile establishments and business offices outside of school hours provided that they obtain a special work permit from the school authorities as hereinafter provided."

Section 2 names certain occupations at which no child under the age of sixteen shall be employed or permitted to work.

Section 3 provides:

"That no child between the ages of fourteen and sixteen years shall be employed, permitted or suffered to work in any gainful occupation, unless the person, firm or corporation by whom such child is employed, permitted, or suffered to work, obtains and keeps on file and accessible to officers charged with the enforcement of this act, a work permit issued by the superintendent of schools of the city or county in which such child resides, or person authorized by him in writing. The superintendent of schools or person authorized by him in writing shall issue such work permit only upon receipt of the following documents:

(1)   Proof of prospective employment.
(2)   Proof of age.
(3)   Proof of schooling.
(4)   Proof of physical fiitness.

"Provided, that the superintendent of schools, or person authorized by him in writing shall have authority and is hereby empowered to issue a vacation work permit to children fourteen years of age or over without requiring the statement that the child has completed the sixth grade of

the elementary course  of study, or its equivalent, as here-
inbefore provided. Such vacation work permit shall be dif-
ferent in form and color from the regular work permit and
shall be valid only during the time when the public schools
of the district in which the child resides are not in session.
Every vacation work permit shall be null and void on the
day the public schools open for regular session. *Provided,
further,* that the superintendent of schools or person auth-
orized by him in writing, shall have authority and is hereby
empowered to issue a special work permit to any boy twelve
years of age or over to work in business houses or mercan-
tile establishments outside of school hours without requir-
ing a statement that he has completed any school grade
whatsoever.''

It will be observed that the statute provides for three
kinds of work permits: a ''regular work permit,'' a ''vaca-
tion work permit,'' and a ''special work permit.'' The
record shows in this case that Bedell Binford, though under
16 years of age, had no work permit of any kind.

Section 8 of the statute provides penalties for the viola-
tion of the statute.

The first proposition insisted upon by counsel for the
insurance company is that ''the elevator attendant at the
time of the accident was under 16 years of age and there
was no law, ordinance or municipal regulation fixing the
age of elevator attendants in force at that time,'' and
therefore the age fixed by the policy, to-wit, 16 years, was
the minimum age at which an attendant could be employed
so as to render the insurance company liable  under  the
provisions of the policy.

It is admitted that if the statute does not fix the age of
elevator attendants, there being no ordinance or municipal
regulation of the city of Charleston fixing such age, then the
minimum age fixed by the policy at 16 years applies.   It
is contended by counsel for the insurance company that
the statute does not fix a minimum age for elevator attend-
ants.  To this we can not agree.  The very title of chapter
17, Acts 1919, refutes such an interpretation.  It is ''AN
ACT to prohibit and regulate the employment of minors.''

The operator of an elevator is engaged in the employment of his master, and one employed in the operation of an elevator by the owner thereof is employed in a gainful occupation within the meaning of this statute. The operation of an elevator is a regular and legitimate means of livelihood. We do not hold, therefore, that the many kinds of employment not specifically enumerated by the act are therefore excluded from its scope.

We now come to the second, and, we think, controlling proposition of the plaintiff in error, namely, ''the plaintiff was not entitled to recover, even though chapter 17, Acts 1919, be construed as a law fixing a minimum age for the elevator attendants within the contemplation of the policy, for the elevator attendant at the time of the accident was under the age fixed by law, ordinance or municipal regulation for elevator attendants, it being conceded that he was under 16 years of age.'' We believe that this is a correct construction of the statute. As heretofore seen, section 3 of the act provides that no child between the ages of 14 and 16 shall be employed, permitted or suffered to work in any gainful occupation without the work permit called for in the act. This work permit, which must not only evidence the age of the minor but also certain educational and physical qualifications, Binford did not possess, nor had it been secured by his employer, neither had there been secured the so-called ''vacation permit,'' authorized in the same section, nor the ''special work permit'' provided for in sections 1 and 3.

Conceding that none of these permits had been secured for Binford, counsel for defendant in error urge two theories, (1), that since Binford was over 14 years of age, no permit was necessary for his employment out of school hours, and (2), that even should the court consider a permit necessary, that since the statute provides for the employment of such minors under 16 years of age as have secured the proper permits, therefore, the legal minimum age for elevator attendant is less than 16 years; that while the employer may be guilty of a misdemeanor, as provided by the statute, for the omission to secure the proper permit,

that nevertheless Binford was within the age fixed by law, within the contemplation of the insurance policy.

In the face of the plain terms of section 3 of the chapter, we cannot give our assent to the first of these theories. The wording is unequivocal, ''That no child between the ages of fourteen and sixteen years shall be employed, permitted or suffered to work in any gainful occupation.'' But, counsel urge that such application of this section, when taken in connection with that portion of section 1, providing for ''special work permits,'' produces a result whereby boys between 12 and 14 years, possessed of no special educational qualifications, are enabled to work out of school hours, a privilege, which, it is claimed, is denied to boys over that age. This is a misconstruction of sections 1 and 3 of the statute. There is nothing in those sections showing an intent on the part of the legislature to limit the issuing of these special permits to boys under 14; the plain words are that they may be issued to boys ''twelve years of age or over,'' limiting such work of course to the two fields named in the statute. To perform any other work where a permit is required, the regular permit must be secured.

Upon defendant in error's second proposition, which is, that, assuming the statutory requirement of a permit, nevertheless a minor under sixteen, but over fourteen, employed without such permit is within the age fixed by law, the litigants are clearly at issue. In support of the argument advanced, counsel for defendant in error cite several cases in which it was held that violation of certain statutory provisions which have no causal connection with the cause of action does not defeat recovery for the negligence of another. With this general principle we quite concur, but the cases exemplifying it have little application here. The case of *Brock* v. *Travelers' Insurance Co.*, 88 Conn. 308, 91 Atl. 279, however, presents a situation comparable to the case at bar. An automobile indemnity policy contained a qualifying provision similar to that of the policy here considered. A statute of the state provided that no person should run a car without a license, and that no license should be issued to a person under 18 years of age, but that ''noth-

ing herein contained shall prevent the operation of a car by an unlicensed person 16 years of age or more, if accompanied by a licensed operator.'' The owner's son, a boy of sixteen, unaccompanied by a licensed chauffeur, ran over and killed a child, and in determining the essential question as to whether the driver was of the age fixed by law, the court held that as the provision of the policy related to age alone, and that as the age of the driver was in fact sufficient to satisfy the insurer's requirements in that respect, where the statute makes no contrary provision, therefore the actual purpose of the policy was accomplished and that the insurer was liable thereon. There are two features which distinguish the Brock case from the case before us. First, the policy in that case provided for a minimum age of 16 in any event, even though the statute should permit a lower age; showing, perhaps, as the court said, that sixteen years answered the insurer's purposes; and, second, that in Connecticut all persons over the age of 16 years and physically qualified were authorized to drive under certain conditions. In West Virginia only those under sixteen possessed of the proper educational requisites are entitled to regular work permits. Whether or not these distinguishing marks alone would be sufficient to differentiate the Brock case, we are not called upon to say. *Morrison* v. *Royal Indemnity Co.*, 180 N. Y. App. Div. 709, is a case almost identical as to facts with *Brock* v. *Insurance Co.*, the only apparent difference being that in the New York case the policy provided that the insurer should not be liable for injuries caused while the automobile was being driven ''by any person in violation of law as to age, or if there is no legal age limit, under the age of 16 years.'' Without reference to the Connecticut decision, the court came to the opposite conclusion. As precedent for our consideration the Morrison case is perhaps more nearly in point.

In our view the age at which minors are permitted to work is sixteen years. To this there are certain excepted classes of individuals, namely, minors having the proper working permits. Possessed of the proper permits certain minors under sixteen are of the age fixed by law. Without

such permits they are not. Such was the opinion of the court in *Taglinette* v. *Sydney Worsted Co.*, 42 R. I. 133, 105 Atl. 641, where it was held that unless the employer had the age and employment certificate provided for by law, a minor employed between the ages of 14 and 16 was not working "at an age legally permitted under the laws of this state." To the same effect, see *Roszek* v. *Bauerle & Starke Co.*, 282 Ill. 557, 118 N. E. 991, L. R. A. 1918-F 207, 1 W. C. L. J. 952, in which the court said: "Without such permit he was no more legally permitted to work in defendant's factory than would be a minor under 14 years of age. In the one case a minor is not legally permitted to work at all, while in the other he is only legally permitted to work upon obtaining the permit required by the Child Labor Law." See also: *Messmer* v. *Industrial Board of Ill.*, 282 Ill 562, 118 N. E. 993, 1 W. C. L. J. 956, and *Stetz* v. *Mayer Boot & Shoe Co.*, 163 Wis. 151, 156 N. W. 971.

We are, therefore, of opinion that our statute does fix a minimum age for the employment of elevator attendants. That age is fixed at sixteen years in the absence of a work permit. The fact that such permit could have been secured does not change the result. In its absence, the age is sixteen, and is the "age fixed by law" within the meaning of the clause above quoted from the policy sued on. Under its terms, injuries caused by an elevator while in charge of any person under the age fixed by law for elevator attendants were not covered. We hold, therefore, that the Insurance Company was not liable; we reverse the judgment and enter judgment for defendant.

*Reversed and rendered.*