Union Indemnity Co. *v.* Hossley.*

(Division B. Feb. 22, 1926.  Suggestion of Error Overruled April 5, 1926.)

[107 So. 547.  No. 25455.]

INSURANCE.  *Indemnity company held not liable for damages result-ing from mismanagement of automobile driven by person under age specified in policy.*

Where policy of indemnity insurance did not cover automobile driven by any person under sixteen years of age, indemnity com-pany was not liable for damages resulting from collision, cause by the mismanagement and negligence of driver under sixteen.

*Corpus Juris-Cyc References:  Liability Insurance, 36CJ, p. 1085, n. 82, 83; p. 1126, n. 41; Violation of law by driving of car by infant or other unauthorized person as affecting insurer, see notes in 6 A.L.R. 378; 19 A.L.R. 880; 23 A.L.R. 1473; 14 R.C.L., p. 1273; 3 R.C.L. Supp. p. 376; 4 R.C.L. Supp., 957; 5 R.C.L. Supp. 810.

APPEAL from circuit court of Warren county.

Hon. E. L. Brien, Judge.

Action by Harry H. Hossley, Sr., against the Union Indemnity Company.  From a judgment for plaintiff, de-fendant appeals, and plaintiff files cross-appeal.  Re-versed and judgment rendered.

*Brunini & Hirsch,* for appellant.

This court in its opinion on the first hearing of this case, 137 Miss. 537, 102 So. 561, said:  ''In our view the paragraph in the insurance policy, 'condition A,' excepted the defendant from liability for injuries result-ing from the driving of the car by a person under six-

teen years of age, where the accident resulted directly or was contributed to proximately, by the fact that it was being driven by a person under sixteen years of age, and that the replication that the car was being driven without the consent of the assured presents no defense. The company did not assume to indemnify the plaintiff for injuries proximately resulting from the driving of such car by a driver under the age stated. It never assumed responsibility for accidents due to the fact proximately that the car so driven produced. It is perfectly permissible to make any contract of insurance not prohibited by law, *and we can understand why an indemnity company would not be willing to assume the risk resulting from cars being driven by persons under sixteen years of age.*" (Authorities are here cited.)

"We are of the opinion, however, that the replication that there *was no causal connection* between the fact of the car being driven and the accident was not subject to demurrer. There must be some causal connection between the accident and the fact that the car was being driven by such person."

It is not necessary in our opinion to argue that the facts in this record show that there was a *causal connection* between the injury to the car and its being driven by one under sixteen years of age.

Can it be said that the accident would have happened had not young Hossley been at the wheel? Can it be said that he did not contribute to it? Is there not a direct connection between the two? Does not every step from the garage to the time the car hit the bottom of the ditch demonstrate that it was such conduct that the company was endeavoring to protect itself against? Can a stronger case than this be presented of a causal connection between the accident and the driver of the car?

We submit that there is absolutely no liability under the policy sued on for the damage to Mr. Hossley's car on the night in question, and no liability, under the construction heretofore given by this court of the provision in question. We see no liability, except from the son

to the father for the disobedience of the former to the latter. This should not be visited upon appellant, and we urge that judgment be entered here for appellant.

*Henry, Canizaro & Henry,* for appellee.

The controlling feature of this case rests on the point whether or not the age of the driver had any causal connection with the accident resulting in the damage. The undisputed facts in this case demonstrate beyond peradventure that neither the age of Harry Hossley, Jr., nor the person himself, Harry Hossley, Jr., had any causal connection with the accident.

The evidence shows that after young Hossley had backed out from a dirt road which he had entered by mistake, and as he was attempting to go forward on the main road of the Park, another car coming at a great rate of speed struck, or must have struck, the rear end of Mr. Hossley's car, which striking and bumping caused the car to skid on the loose gravel to such an extent that it turned over and caused the damage.

The proximate cause of the injury to the Hossley car was its being struck by the oncoming car; the impact caused the Hossley car to skid and slide on the loose gravel until it finally turned over and the damage was done. From the pictures presented in this case it is evident that it did not matter how good or expert the driver may have been, it did not matter what the driver's age might have been, the accident would have happened just as it did happen. There was no causal connection between the accident and the fact that the car was being driven by a person under sixteen years of age.

The opinions cited by this court in this case on the first appeal, 137 Miss. 535, should be conclusive in view of the facts as developed in the case when tried on its merits. *Conboy* v. *Railway Officials, etc., Ass'n.,* 60 A. S. R. 160 and note.

142 Miss.—50.

ANDERSON, J., delivered the opinion of the court.

The appellee, Harry H. Hossley, Sr., brought this action against appellant, Union Indemnity Company, in the circuit court of Warren county, for damages under the provisions of an indemnity policy issued by the latter to the former, for an injury to appellee's automobile, alleged to have been caused by an accidental collision with another automobile. There was a judgment for appellee, from which appellant prosecutes this appeal, and appellee prosecutes a cross-appeal; the cross-appeal being based on an alleged error of the court in excluding evidence offered by the appellee as to other damages to his car than those for which recovery was had.

This is the second appearance of the case in this court. *Hossley* v. *Union Indemnity Co.,* 102 So. 561, 137 Miss. 537. The case was here on the former appeal on the pleadings, and was reversed and remanded, and went back and was tried again on the pleadings, evidence, and instruction of the trial court. At the conclusion of the evidence, each party requested a directed verdict. The request of appellee was granted, and a verdict accordingly directed in his favor.

The indemnity policy involved contained the provision that there should be no liability on the part of appellant for damage to appellee's car while being driven by any person under the age of sixteen years. On the former appeal it was held that, in order to exempt appellant from liability under this provision of the policy, there must have been some causal connection between the driving of the car by the person under sixteen years of age and the injury. As we view the evidence, it shows, without conflict, that there was a causal connection between the collision causing the damage to appellee's car and the fact that the driver of the car was under sixteen years of age. The evidence shows that the driver of appellee's car took the wrong road, and attempted to back the car therefrom into the main highway, and in doing so backed it across

the main highway onto the driver's left-hand side, and therefore the wrong side of the road; that as a result thereof there was a collision between that and another car going in the opposite direction, and therefore entitled to the same side of the road as that occupied by appellee's car. In other words, the evidence shows, without conflict, that the damage to appellee's car was caused by the mismanagement and negligence of the driver of this car. We are of the opinion that, under the provision in the policy in question, that fact, in connection with the fact that the driver of appellee's car was under the age of sixteen years, exempted appellant from liability. It follows from these views that appellant's request for a directed verdict should have been given, instead of that of appellee.

*Reversed, and judgment here for appellant.*