# BERRY CHEVROLET COMPANY v. AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.[1]

January 27, 1933.

No. 29,340.

*Morphy, Bradford, Cummins & Cummins,* for appellant.
*Reuther & Sullivan* and *John P. Moylan,* for respondent.

STONE, JUSTICE.

Action to recover theft insurance for the loss of an automobile. There was a verdict for plaintiff. Defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

Plaintiff is a retail automobile dealer with a sales garage on the west side of Victoria street near the latter's intersection with Grand avenue in St. Paul. The automobile in question was stolen between three and seven a. m. November 15, 1930. On the preceding day, while in use by plaintiff, a bearing burned out. The car

[1]Reported in 246 N. W. 547.

124

was towed to plaintiff's Victoria street garage. It could not be repaired immediately. There was no room for it in the building, and so about four p. m. November 14 it was taken out to a vacant lot in the rear, where it remained until stolen. It was intended that the machine should be taken back into the shop and repaired as soon as the mechanics could get to it. The loss is admitted, and there is no question but that the jury properly fixed the amount at $250.

The defense is that the loss was not covered by the policy sued upon. The determinative provision is subd. (d) under paragraph 3, one of the "exclusions" of the policy, reading as follows:

"This policy does not cover theft, robbery, or pilferage  *  *  * of any property stored or displayed in any open lot or unroofed space or in any building not securely enclosed and locked when unattended, but this provision shall not affect property temporarily outside buildings while being transported or moved in the ordinary course of business."

The car was stored on an "open lot," an "unroofed space," and so not within the policy coverage, unless it was "being transported or moved in the ordinary course of business." There is no rule of construction, however liberal, permitting an affirmative answer to that determinative proposition. Actual movement of the car at the moment of theft is doubtless not prerequisite to liability. But it must have been at the moment the subject of some process of transportation or movement to remove it from the scope of the exclusionary language. This machine, when stolen, was at rest, in storage, and intended to remain so indefinitely, for a long or short period, the duration of which was to be dictated by the convenience of plaintiff's mechanics. So there is negatived the process of transportation or movement essential to recovery.

The order must be reversed with direction to enter judgment for defendant.

So ordered.

OLSEN, Justice, took no part.