## NATIONAL UNION FIRE INS. CO. v. GARCIA, et ux.

No. 64-C-3625.

Circuit Court, Dade County.

November 24, 1965.

Sherouse & Corlett, Miami, for plaintiff.

Dermer, Rosen, Mofsky & Chonin, Miami Beach, for defendants.

HAL P. DEKLE, Circuit Judge.

*Final summary decree:* Presented for determination here is a situation not heretofore expressly involved in the Florida cases. Plaintiff, insuror of defendants, seeks to have declared as not binding, a limiting clause of coverage in the automobile liability insurance of third party tort-feasor Henry Austin (not a party here), which states that no coverage is afforded if the operator was driving without a valid driver's license.

Plaintiff insurance company resists coverage to the defendants, its insureds, under its uninsured motorists clause required to be contained in liability policies in Florida by §626.0851, Florida Statutes.

Both parties seek a summary final decree, and the decision turns on the question whether the third party tort-feasor was such an "uninsured motorist" as to invoke coverage under the insureds' (defendants') uninsured motorists provision of their own policy.

Defendants say that Austin was an uninsured motorist because at the time of the collision he was driving with a suspended driver's license and his policy expressly excluded coverage if the vehicle

was being driven "in violation of any law concerning driver's licenses or operating licenses or if the driver is operating an automobile at any time when his license is suspended by lawful authority".

Is this exception a valid one under the Florida authorities and public policy of the state of Florida as reflected in the several statutes governing automobile liability insurance policies?

The indication of the Florida authorities thus far is that such attempt at exclusion of coverage is not binding and coverage will be afforded. Howard v. American Service Mutual Insurance Co., Fla. App. 3, 1963, 151 So. 2d 682, held the insuror liable despite an "exclusion" in the policy that it did not cover any driver other than the immediate family, even "on a first accident." Lynch-Davidson Motors v. Griffin, Fla. App. 1, 1965, 171 So. 2d 911, again held the insuror liable despite a policy provision that only the owner was covered, citing §324.151(1), Florida Statutes, expressly providing that an owner's liability insurance policy — "shall insure the owner named therein and any other person as operator using such motor vehicle with the express or implied permission of such owner". That opinion also states that the statutory provisions of the financial responsibility law become a part of such insurance contracts which "* * * are not dependent for their efficacy upon the terms of the insurance policies as written and issued by the insurance companies."

The uninsured motorists clause is an express requirement in such a policy by §627.0851(1), as a condition precedent to its issuance. The Florida opinions cite protection of the motoring public as a purpose of these statutes and find such liability to be the public policy of Florida as declared by such statutes. (§324.011). Liability here, despite the effort at exclusion because of the lack of a driver's license, is a natural extension of these holdings under the announced public policy of the state of Florida.

Defendants argue strenuously and with some logic that these prior "exclusions" in the previous Florida holdings are distinguishable on the ground that they were without any intervention by lawful authority as here where the state "with its other hand" has revoked the license of the operator. With some indignation they say that the state should not on the one hand require coverage in all events and then with the other hand create the very exclusion of a suspended driver's license; that an insuror is entitled to insert this exclusion of coverage as consistent with such other state authority; that the legislature has created the exclusion (illegal to drive without a valid driver's license), and the carrier should not be subjected to the effect of one law requiring coverage and not have the benefit of the other law suspending a driver's license. This does not seem any different from the Delaware case of Ham-

mon v. Richards (Superior Ct. of Del., 1963), 190 A. 2d 612, disallowing an exclusion in the policy where the operator was intoxicated at the time of the accident. The offense of intoxication is likewise by legislative authority. It might be noted that these are penal statutes directed against the driver.

Perhaps the answer to defendants' position lies in the fact that the insuror is in a position to learn by inquiry and proper check that its insured's driver's license has been suspended and thereupon to cancel the coverage. §322.271(1) requires notice thereof to the insured upon such suspension. If the policy were issued as an "assigned risk", then the carrier is particularly on notice to be alert for such a possibility, and to act promptly and with diligence. It is the insurance policy which must conform to the state laws and not the laws to the insurance contract, if the company chooses to do business in the state.

Thus far, Howard and Lynch-Davidson remain the law in Florida, despite a contrary result in Jefferson Insurance Co. v. Fischer, Fla. 1964, 166 So. 2d 129, which is distinguished in the last case of Hartman v. American Fidelity Fire Ins. Co. (Swann, J. dissenting), Fla. App. 3, 177 So. 2d 376, as not involving the Financial Responsibility Law but turning on ambiguity of policy language. The *result* is contrary, however, and allows an exclusion in the policy to stand which covered only the named insured off his military post. We must await the Florida Supreme Court's *direct* opinion where the issue is involved.

Plaintiff's own insureds as defendants also seek summary judgment, urging the authority of Gicamo v. State Farm (Minn. 1938), 203 Minn. 185, 280 N. W. 653, which upheld an exclusion in the policy where the automobile was driven by a person not having a license. The Minnesota court's opinion declares this to be the public policy of its state through its prohibitory statutes on driving. Our Florida courts have declared our public policy to be to the contrary, treating the mandatory insurance coverage as paramount to driving prohibitions.

Also urged by defendants is State Farm v. Coughren, U. S. Sup. Ct. 1938 (from CCA 9 Cal.) 303 U. S. 485, 58 S. Ct. 670, involving a policy exclusion for unlicensed drivers, but in this opinion the question was not expressly raised as to the validity of such provision, and is therefore not controlling; also McCarthy v. MAIC (Sup. Ct. N. Y. 1962), 224 N. W. Supp. 2d 909, which turns however, on the insured's intentional acts in driving the automobile as being an assault rather than an accident and that injuries were therefore not "caused by accident" under the policy.

It therefore appears, and the court finds, that there is no material issue of any genuine fact; that the attempted exclusion in the

insurance policy of the third party tort-feasor when driving without a valid driver's license is ineffectual under the requirements of Florida statutes for insurance coverage as a matter of public policy of Florida so that there was insurance in effect and defendants' own uninsured motorists provision therefore does not come into play, and the plaintiff insuror, National Union Fire Insurance Company, is not liable to its insured, the defendants, in the accident in question and accordingly.

It is ordered that plaintiff's motion for summary judgment is hereby granted and defendants' motion for summary judgment is denied and that the plaintiff National Union Fire Insurance Company is not liable to defendants under said policy for the accident in question and defendants' demand for arbitration is hereby voided and cancelled and plaintiff is not bound thereunder and shall not be required to arbitrate or be obligated to pay any award which may hereafter be entered by the American Arbitration Association or any other body, and defendants are enjoined from proceeding with said demand for arbitration.