## HALL HARDWARE COMPANY AND ANOTHER v. GEORGE F. GAGE AND OTHERS.[1]

June 26, 1936.

No. 31,006.

*Harry H. Peterson*, Attorney General, and *William S. Ervin*, Deputy Attorney General, for appellants.

*R. H. Fryberger*, for respondents.

JULIUS J. OLSON, JUSTICE.

Both plaintiffs are domestic corporations. They brought suit to have a portion of the state income tax statute construed, L. 1933,

[1]Reported in 268 N. W. 202.

c. 405, § 13 (3 Mason Minn. St. 1934 Supp. § 2394-13) pursuant to the provisions of the uniform declaratory judgments act, L. 1933, c. 286 (3 Mason Minn. St. 1934 Supp. §§ 9455-1 to 9455-16, inclusive). As the facts determinative of result are the same in both cases, the only difference being amount involved, we shall discuss only the first case, that of Hall Hardware Company.

This plaintiff over a period of many years has been organized and functioning as a domestic corporation, having its principal place of business at Minneapolis. During the times here involved it was chargeable with the payment of both the federal and the state income tax. Its business is conducted upon what is known as the "accrual" plan or method.

Defendants in their brief distinguish between the "cash" plan or method and the "accrual" plan employed by plaintiff. They say, regarding the cash basis plan:

"In keeping books or reporting income according to the cash method only moneys actually received and disbursed within the taxable year should or may be accounted for. * * * The cash method ignores the [time of] earning of income. It is immaterial whether it has been earned in past years or has not yet been earned. The corollary of the rule stated in regard to income is true with respect to deductions. Taxpayers on a cash basis may not take advantage of a liability to pay. They have no right to a deduction until they make payment."

In respect of plaintiff, so defendants say:

"The taxpayer on an accrual basis ignores the facts as to when cash is paid or received. The determining factor is the creation of a liability in its favor, amounting practically, if entered on the books, to an account receivable. The basic idea is that all of the events creating the liability have occurred and no contingency remains. The taxpayer has then earned the income or is subject to the liability to pay. * * * As to both income and deductions it is the fixation of the rights of the parties that is controlling * * *."

During the year 1933 plaintiff duly paid a federal income tax of $8,252.87. In making its return for that year as required by the state income tax law this item was sought to be deducted under the provisions of L. 1933, c. 405, § 13 (3 Mason Minn. St. 1934 Supp. § 2394-13), which reads, as far as here material, as follows:

"The following deductions from gross income shall be allowed in computing net income:  *  *  *

"(c)  *Taxes paid or accrued within the taxable year,* except (a) income or franchise taxes imposed by this Act; and (b) taxes assessed against local benefits of a kind deemed in law to increase the value of the property assessed; and (c) inheritance and estate taxes. *Income taxes permitted to be deducted hereunder shall, regardless of the methods of accounting employed, be deductible only in the taxable year in which paid."* (Italics supplied.)

Defendants concede that if plaintiff had been doing its business upon the so-called "cash" plan it would be entitled to the deduction claimed. They assert, however, that inasmuch as plaintiff is concededly doing business upon the "accrual" plan and as the tax paid by it in 1933 was based upon income for the year 1932 it should not be credited with this item as a deduction in computing its state income tax. In other words, defendants say that the accrual plan forbids such credit; that a "taxpayer on an accrual basis has no inherent right to such deductions" and that deductions are after all "gratuities granted by the legislature which the legislature can give or withhold as it sees fit."

That taxpayers would be treated differently, although in substantially the same position as far as results go, defendants freely concede. But they assert that the legislature intended this distinction that is now claimed. We are told that *"the court will take judicial notice of the fact that there are very few big taxpayers on a cash basis,* and that by reason of the method of accounting employed the taxpayer on a cash basis would be much less likely to postpone the payment of his federal taxes than a taxpayer upon an accrual basis."

For plaintiff it is asserted, and we think with good reason, that the quoted language of § 13 leaves no room for doubt as to what the legislative intent was. It points to this particular language:

"Income taxes permitted to be deducted hereunder shall, *regardless of the methods of accounting employed, be deductible only in the taxable year in which paid.*"

Can there be any room for doubt as to what the legislative intent was? We think not. The language used seems to us to be free from uncertainty. The meaning is as plain as language can be devised to express a purpose.

Nor are we impressed with defendants' claim that this or any other court "will take judicial notice of the fact that there are very few big taxpayers on a cash basis." Quite the contrary is true, assuming that we may take judicial notice of anything of this nature. The chain stores and many other business enterprises and establishments are doing their business strictly on a "cash" basis. The country merchant or the corner grocery with which the average man is doing business is the one that extends credit to its customers and in many instances carries him over a period of time. These, then, would be the ones who would suffer if defendants' theory were to be adopted.

We cannot classify "big" and "little" taxpayers. Before the law each must stand upon his own rights and must be accorded the same treatment within the law. We think defendants' distinction for tax classification is not soundly founded.

We are in accord with defendants' quotations from 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 8950, 8951, to the effect that a statute is to be so construed as to give full effect to its entire purpose; that all of it should be considered together so as to harmonize all of its parts to the end that "no word, phrase, or sentence, will be superfluous, void, or insignificant." Equally well established is the rule that: "Construction lies wholly in the domain of ambiguity. If the language of a statute is plain and unambiguous, there is no room for construction. A statute is to be enforced literally as it reads, if its language embodies a definite meaning

which involves no absurdity or contradiction. In such a case the statute is its own best expositor." *Id.* § 8938 (2 ed. & Supps. 1932, 1934), and cases cited under notes.

So, reading the quoted section of the statute in the light of what has been said, we have no hesitancy in coming to the same conclusion as that reached by the trial judge, who rightly determined that plaintiff should be given credit for the disputed tax item.

The judgment is affirmed.