JOSEPH HALVERSON v. N. W. ELSBERG.[1]

February 11, 1938.

No. 31,600.

*William S. Ervin,* Attorney General, and *Ordner T. Bundlie,* Assistant Attorney General, for appellant.

*Schroeder & Schroeder,* for respondent.

HOLT, JUSTICE.

This is a special proceeding under L. 1933, c. 352, § 14, 3 Mason Minn. St. 1936 Supp. § 2720-136, to obtain a license to drive a motor vehicle upon the highways of the state after his license had been revoked as a consequence of applicant's conviction of driving when drunk. There is no dispute as to facts. Halverson had a driver's license when, in September, at a general term of the district court

1Reported in 277 N. W. 535.

in Becker county, this state, he was convicted of having, on April 18, 1934, driven a motor vehicle in said county while under the influence of intoxicating liquor. He served 30 of the 90-day sentence. In February, 1937, he filed the petition herein for a driver's license. Defendant was notified and advised the court that there was no objection, provided he made a showing of compliance with L. 1933, c. 351, 3 Mason Minn. St. 1936 Supp. §§ 2720-101 to 2720-122. The hearing was had, and Halverson proved his good behavior since his conviction, but did not prove that he was financially responsible. The court in fact found that he was a common laborer working for a wage of $35 a month, and that his position was dependent upon his right to drive a motor vehicle; that the motor vehicle of his employer was insured; that Halverson has now no motor vehicle of his own; that he has little or no property, is without means, and is unable to comply with the requirements of L. 1933, c. 351.

The court concluded that this proceeding was solely under L. 1933, c. 352, and that a license could be granted without proof of petitioner's financial responsibility. There is much in Halverson's present situation that appeals to the sympathy of the court. But we are persuaded that the two acts passed, approved, and effective the same day are to stand together and be harmonized. True, there is a repealing clause in c. 352, but that cannot possibly intend to repeal anything contained in c. 351, passed concurrently. We think the one supplements the other. There can be nothing legally objectionable in putting drivers convicted of serious violations of the motor vehicle statutes in a class separate from drivers who have not been so convicted, and require of the former security or conditions not required of the latter in order to receive a license to operate on the state highways. Petitioner does not question the constitutionality of any provision in either act. And it could not well be done in view of such decisions as Watson v. State Division of Motor Vehicles, 212 Cal. 279, 298 P. 481; Opinion of Justices, 251 Mass. 617, 147 N. E. 680; Garford Trucking, Inc. v. Hoffman, 114 N. J. L. 522, 177 A. 882; Commonwealth v. Funk, 323 Pa. 390, 186 A. 65; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. ed. 323. In our view, the trial court, in granting

a driver's license under the provisions of L. 1933, c. 352, §§ 13 and 14, must apply the provisions of L. 1933, c. 351, requiring the proof therein named of responsibility for damages that might be caused through the licensee's driving of a motor vehicle.

The order is reversed.