# ARLO FLOYD AUSMAN v. M. J. HOFFMANN.[1]

June 7, 1940.

No. 32,431.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *Sam W. Campbell,* Special Assistant Attorney General, and *Joseph J. Bright,* Special Counsel, for appellant.

*C. U. Landrum* and *D. N. Lindeman,* for respondent.

*Gustav C. Axelrod* and *R. J. Orff, amici curiae,* filed a brief on behalf of Minnesota State Automobile Association.

GALLAGHER, CHIEF JUSTICE.

On September 4, 1939, Arlo Floyd Ausman pleaded guilty in the municipal court of New York Mills, Minnesota, to the offense

[1]Reported in 292 N. W. 421.

of driving and operating a motor vehicle upon a public highway while under the influence of intoxicating liquor; he was sentenced and fined. On the same day the clerk of that court certified the conviction to M. J. Hoffmann, commissioner of highways of this state, who, on or about September 26, 1939, cancelled and revoked Ausman's driver's license. On the first of the following November, Ausman moved the above mentioned court to amend the judgment of conviction and, due notice having been given, the matter came on for hearing before that court, which amended the judgment so as specifically to recommend that Ausman's license be not revoked. A copy of this order was duly served upon the commissioner of highways, and he was requested to revoke his order cancelling Ausman's driver's license; the commissioner decided that this request could not be complied with until such time as Ausman filed proof of financial responsibility in accordance with L. 1933, c. 351 (3 Mason Minn. St. 1940 Supp. §§ 2720-101 to 2720-122). Respondent thereupon filed a petition pursuant to L. 1939, c. 401, § 19 (3 Mason Minn. St. 1940 Supp. § 2720-145d), in the district court of Becker county for an order fixing a time and place for a hearing thereon and for an order adjudging that the driver's license here in question be reinstated and reissued. This petition was later amended and brought under L. 1939, c. 430, § 4 (3 Mason Minn. St. 1940 Supp. § 2720-176). The question presented to the district court was whether the commissioner of highways could require respondent to comply with the provisions of the safety responsibility act notwithstanding the facts that the conviction for driving while intoxicated covered a first offense and that the municipal court before which such conviction was had recommended that this driver's license be not revoked. On December 14, 1939, that court made and entered an order directing the commissioner of highways to revoke his order cancelling and revoking Ausman's driver's license and to reissue said license. The highway commissioner appeals from that order.

■ The question presented here is whether one who is convicted of driving on a public highway while intoxicated can be deprived of his driver's license by the commissioner of highways until proof of financial responsibility is furnished where the conviction was for a first offense and where it was recommended by the trial court that the license of the person convicted be not revoked.

In 1933 there was enacted by the legislature a statute entitled:

"An act to provide for the establishment of financial responsibility by owners of motor vehicles for injury, including death to persons, and damages to property resulting from the maintenance, use and operation of such motor vehicles,—and conferring powers and duties in respect thereto upon the Commissioner of Highways." L. 1933, c. 351.

Section 2 of this act (3 Mason Minn. St. 1940 Supp. § 2720-102) provides, in substance, that the right and permission to operate a motor vehicle and the driver's license of any person convicted of driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug should be revoked and such license should not be renewed and such person not permitted or licensed to operate any motor vehicle until he shall have given proof of his responsibility to respond in damages as specified in the act.

There was also passed at the same session of the legislature L. 1933, c. 352, entitled: "An act regulating the licensing of persons operating motor vehicles upon the public highways of this State," § 10(a) of which provides:

"The Commissioner shall forthwith revoke the license of any person and require that the certificate of license be returned to him, upon receiving a record of the conviction of such person of any of the following offenses:

\* \* \* \* \* \*

"2. Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drug."

In 1939 the legislature enacted L. 1939, c. 401, entitled:

"An act to regulate and license persons operating motor vehicles upon the streets and public highways; * * * repealing Chapter 352, Laws of 1933 and other acts or parts of acts."

Section 16 of this enactment (3 Mason Minn. St. 1940 Supp. § 2720-145a) so far as now important, imposes upon courts having jurisdiction of offenses committed in violation of the laws of this state regulating the operation of motor vehicles on streets or highways the duty of forwarding to the highway department the driver's license and record of conviction of any person convicted of an offense for which this act makes mandatory the revocation of the driver's license of such person.

Section 17 of the same act (3 Mason Minn. St. 1940 Supp. § 2720-145b) provides:

"(a) The department shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses:

\* \* \* \* \* \*

"(2) Operating a motor vehicle while under the influence of intoxicating liquor or narcotic drug."

The same session of the legislature also enacted L. 1939, c. 430, entitled:

"An act relating to the regulation of traffic on highways, defining certain crimes in the use and operation of motor vehicles and procedure upon arrest and trial; * * *"

Section 4 of this act (3 Mason Minn. St. 1940 Supp. § 2720-176) provides:

"(a) It is unlawful and punishable as provided in subdivision (b) of this section for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs to drive or operate any vehicle within this state.

"(b) * * * Upon a first conviction of any person hereunder the commissioner shall revoke his driver's license when and as such revocation is recommended by the court before which such

conviction was had. Upon a second or subsequent conviction of any person under this section, the commissioner shall revoke his driver's license. Any person whose driver's license has been revoked, refused, suspended or cancelled may file a petition for a hearing in the matter in the District Court in the county wherein such person is residing, for the purpose of having said license reinstated in the discretion of said District Court."

It is contended by appellant that this quoted provision of L. 1939, c. 430, was repealed by L. 1939, c. 401, § 17, because the latter statute was passed after the former. It is undisputed that both c. 401 and c. 430 were enacted on the same day and, insofar as it appears, were approved by the governor at the same time. Reference, however, is made to the journals of the senate and house in an effort to show that c. 401 passed the legislature some hours after c. 430, and it is argued that this indicates a legislative intent that those provisions of c. 430 seemingly inconsistent with c. 401 be repealed. We think, however, that the legislature was not aware of the existence of such conflict, and we prefer to apply the rule of Halverson v. Elsberg, 202 Minn. 232, 233, 277 N. W. 535, that "two acts passed, approved, and effective the same day are to stand together and be harmonized."

Our attention has been called to a statement in 59 C. J. p. 1053, § 622(c), which supports this view and which reads:

"The rule that statutes in pari materia should be construed together applies with peculiar force to statutes passed at the same session of the legislature; especially where they are passed or approved on the same day, * * * It is to be presumed that such acts are imbued with the same spirit and actuated by the same policy, and they are to be construed together as if parts of the same act. They should be so construed, if possible, as to harmonize, and give force and effect to the provisions of each; * * *."

See also State ex rel. Lum v. Archibald, 43 Minn. 328, 45 N. W. 606.

Applying these principles to the case before us, it is our opinion that L. 1939, c. 401, § 17, and L. 1939, c. 430, § 4, should be construed together so that the driver's license of a person convicted for driving on the public highways while intoxicated will be revoked as of course where the conviction is upon a second offense, but that the driver's license of a person convicted for the first time of driving upon a public highway while intoxicated will be revoked only when such revocation is recommended by the court before which the conviction is had.

■ We now reach the question of whether or not proof of financial responsibility may be required after a conviction for driving while intoxicated even where the commissioner is without power to revoke the license. Addressing itself to this question the trial court stated in its memorandum:

"We cannot have one law saying a driver's license must be cancelled and cannot be reissued except upon the driver furnishing insurance, and another law, passed five years later, saying such license shall be cancelled 'when and as' such action is recommended by the trial court and even then it may be reinstated in the discretion of the district court."

In our opinion, there is no inconsistency between L. 1939, c. 430, § 4, and L. 1933, c. 351, insofar as the latter requires proof of financial responsibility before a license, once revoked, will be reinstated. As reference to L. 1933, c. 351, § 2, will indicate, proof of financial responsibility is required only after a driver's license has been revoked. The section has no application to a case where the commissioner is without power to order revocation of a driver's license. Since we have already determined that under L. 1939, c. 430, § 4, the commissioner is without power to revoke the license of a person convicted for the first time of driving on a public highway while intoxicated, unless such action is recommended by the trial court, we must necessarily conclude that the commissioner was without power to require Ausman to provide proof of his financial responsibility before returning his license to him.

Order affirmed.