# WILLIAM L. MARTINKA v. M. J. HOFFMANN.[1]

February 26, 1943.

No. 33,352.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *Joseph J. Bright,* Special Counsel, for appellant.

*Albert Pfaender,* for petitioner-respondent.

[1]Reported in 9 N. W. (2d) 13.

YOUNGDAHL, JUSTICE.

This is an appeal by M. J. Hoffmann from an order of the district court directing him as commissioner of highways to revoke his order cancelling and revoking the driver's license of William L. Martinka, the petitioner herein, and to reissue the license to him.

On September 25, 1941, petitioner was convicted in the municipal court of Springfield of the offense of driving and operating a motor vehicle while under the influence of intoxicating liquor in violation of an ordinance of that city and was sentenced to pay a fine of $50. He appealed to the district court, where he was convicted on December 22, 1941, of the same offense. He was sentenced to pay, and paid, a fine of $50. This was his first conviction for such an offense, and he had not theretofore been convicted of violating any other traffic regulation or law.

Upon being notified of this conviction, the commissioner revoked petitioner's driver's license. On April 22, 1942, petitioner filed his petition, pursuant to Minn. St. 1941, § 171.19 (Mason St. 1940 Supp. § 2720-145d), for an order directing the commissioner to revoke his order and reinstate the license. Upon a hearing on the petition, the court ordered the commissioner to revoke his order and reinstate the license. This appeal followed.

■ The sole question presented by this appeal is whether petitioner's driver's license was subject to revocation by the commissioner upon a first conviction of drunken driving, no recommendation being made therefor by the court before which the conviction was had. A determination of this issue necessitates a consideration of L. 1939, c. 401, § 17, Minn. St. 1941, § 171.17 (Mason St. 1940 Supp. § 2720-145b); L. 1941, c. 552, § 1, Minn. St. 1941, § 169.12 (Mason St. 1941 Supp. § 2720-176); and L. 1941, c. 517, § 1, Minn. St. 1941, § 171.04 (Mason St. 1941 Supp. § 2720-144a), together with other provisions of the drivers license act, the highway traffic regulation act, and the safety responsibility act as they relate to the question of revocation and suspension of drivers' licenses.

The drivers license law had its inception in L. 1933, c. 352. Section 10(a)(2) thereof, or Minn. St. 1941, § 171.17(2), (Mason St. 1940 Supp. § 2720-145b[a][2]), provided that the commissioner should forthwith revoke a driver's license upon a conviction of driving a motor vehicle while under the influence of intoxicating liquor. At the same session of the legislature, the safety responsibility act was passed. L. 1933, c. 351, § 2(f) of this act, or Minn. St. 1941, § 170.02(6), (Mason St. 1940 Supp. § 2720-102[f]), provided, in substance, that upon a conviction of driving while intoxicated a driver's license should be revoked and not renewed until the driver had given proof of his ability to respond in damages. From 1933 until 1939 the commissioner of highways was required to revoke a driver's license upon a first conviction of drunken driving. In 1939, by L. 1939, c. 401, which repealed L. 1933, c. 352 (the drivers license law), the legislature reënacted certain provisions as to licensing, and again, in § 17 thereof, provided for the revocation of a driver's license on a conviction of drunken driving. At the same session there was also passed L. 1939, c. 430 (the highway traffic regulation act). Section 4 of this act (Mason St. 1940 Supp. § 2720-176) made it unlawful for a person to drive an automobile while intoxicated and provided that upon a first conviction the commissioner should revoke the driver's license *upon a recommendation of the court before which the conviction was had.* Upon a second conviction, the license was to be revoked without regard to a recommendation of the court.

The inconsistency and ambiguity of these two sections of the law are immediately apparent. Under the 1939 drivers license law (L. 1939, c. 401, § 17[2]), the commissioner was required to revoke without regard to a recommendation of the court on first conviction of drunken driving. Under the highway traffic regulation act (L. 1939, c. 430, § 4[b]), revocation could be had only upon recommendation of the court upon a first conviction. This ambiguity precipitated the case of Ausman v. Hoffmann, 208 Minn. 13, 292 N. W. 421. There the commissioner contended that because L. 1939, c. 401, was passed later than c. 430, although on the

same day, its provisions should control; but this court held that, although the laws were seemingly inconsistent, it was of the opinion that the legislature was unaware of the existence of such a conflict, and it applied the rule laid down in Halverson v. Elsberg, 202 Minn. 232, 233, 277 N. W. 535, that "two acts passed, approved, and effective the same day are to stand together and be harmonized," and, further, that the license of a driver convicted on first offense of driving an automobile while intoxicated could be revoked only upon a recommendation therefor by the court before which the conviction was had.

In 1941, at the first session of the legislature after the Ausman case, the matter of revocation of drivers' licenses for drunken driving was again considered, for the very apparent purpose of clarifying the question as to the authority of the commissioner to revoke on first conviction without a recommendation of the court. At that session, L. 1941, c. 552 and c. 517, came into being and were passed on the same day. Section 1 of c. 552, or Minn. St. 1941, § 169.12 (Mason St. 1941 Supp. § 2720-176), amended the highway traffic regulation act and eliminated the provision requiring a recommendation of revocation by the court on a first conviction of driving while intoxicated. After the penalty clause there was added the provision that, upon a second offense, "his license to drive shall be revoked for not less than 90 days." L. 1941, c. 517, § 1, Minn. St. 1941, § 171.04 (Mason St. 1941 Supp. § 2720-144a), amended the drivers license law. This amendment, which was obviously for the purpose of revising that portion of the drivers license law to conform to L. 1941, c. 552, § 1, provided that a license once revoked should not be reissued by the "department" (the commissioner) except upon furnishing proof of financial responsibility in the same manner as provided by the safety responsibility act, and *if otherwise qualified.* The phrase "if otherwise qualified," appearing in subd. (3) of § 1 of c. 517, clearly has reference to the second conviction of drunken driving, in which case the license to drive shall not be reissued in any event for at least 90 days, even though proof of financial re-

sponsibility is furnished. These provisions of the statutes indicate a clear intention on the part of the legislature to change the then existing law so as to eliminate the ambiguity discussed in the Ausman case and give the commissioner authority to revoke a license on a first conviction of drunken driving without the recommendation of the court.

■ L. 1941, c. 552, § 1, after providing that Mason St. 1940 Supp. § 2720-176 (L. 1939, c. 430, § 4) "is hereby amended to read as follows," then wholly omits certain provisions, including the requirement of recommendation by the court before a license could be revoked on a first conviction of drunken driving. This operated to repeal all the provisions not embraced in the amendment. 6 Dunnell, Dig. & Supp. § 8928, and cases there cited. When an amendatory act is a substitute for the original statute, it repeals those portions of the prior statute which it omits. Mannheimer Bros. v. Kansas C. & S. Co. 147 Minn. 350, 180 N. W. 229; St. P. M. & M. Ry. Co. v. Broulette, 65 Minn. 367, 67 N. W. 1010; Shadewald v. Phillips, 72 Minn. 520, 75 N. W. 717; State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798.

Here the provisions so repealed were those appearing as L. 1939, c. 430, § 4(b), (Mason St. 1940 Supp. § 2720-176), to-wit:

"Upon a first conviction of any person hereunder the commissioner shall revoke his driver's license when and as such revocation is recommended by the court before which such conviction was had. Upon a second or subsequent conviction of any person under this section, the commissioner shall revoke his driver's license. Any person whose driver's license has been revoked, refused, suspended or cancelled may file a petition for a hearing in the matter in the District Court in the county wherein such person is residing, for the purpose of having said license reinstated in the discretion of said District Court."

As to the first change, which repealed the provision requiring recommendation by the court in case of revocation on a first conviction of driving while intoxicated, it was clearly the intention

of the legislature to eliminate the inconsistency in the previous statutes as to the commissioner's right to revoke upon first conviction, as discussed in the Ausman case.

As to the second change, which eliminated the provision that upon a second or subsequent conviction the commissioner should revoke a driver's license, and which then inserted, after the penalty clause, the provision: "and his license to drive shall be revoked for not less than 90 days," it might seem at first blush that the legislature intended that there should be a revocation only for a second conviction, and that for a minimum of 90 days. However, in considering chapters 517 and 552 of L. 1941 together and in connection with the other material provisions of the statutes, it becomes clear that such is not the case. Subd. (3) of § 1 of c. 517, or Minn. St. 1941, § 171.04(3), (Mason St. 1941 Supp. § 2720-144a[3]), prevents the commissioner from issuing a license to any person whose license has been revoked except upon furnishing proof of financial responsibility in the same manner as provided in the safety responsibility act, and *if otherwise qualified*. This last provision has reference to the clause in subd. (b) of § 1 of c. 552, which provides that upon a second conviction the license to drive "shall be revoked for not less than 90 days." The meaning of these provisions is clear. Even though a driver who has been twice convicted of driving while intoxicated furnishes proof of financial responsibility, the commissioner is not authorized to issue a license until the expiration of 90 days; whereas, in the event of a first conviction of drunken driving, upon proof of financial responsibility, the license may be reissued forthwith. This provision has for its purpose the placing of the driver first convicted of the offense on a different footing and in a different classification from the driver convicted of second and subsequent violations. Without such a provision, the driver with a second conviction would enjoy the same privileges of reinstatement of license as the driver with the first conviction. He could, by furnishing proof of financial responsibility as provided in the safety responsibility act, again secure his license to drive a motor vehicle. This provision very

properly, therefore, prevents the driver with a second conviction from driving an automobile for a period of at least 90 days despite the fact that he furnishes proof of financial responsibility.

The third change in the statute, which removes the language pertaining to the right to petition for a hearing in the district court, was to avoid duplication. This same subject matter is covered by Minn. St. 1941, § 171.19 (Mason St. 1940 Supp. § 2720-145d).

■ Chapters 552 and 517, L. 1941, considered together with the pertinent provisions of the highway traffic regulation act, the safety responsibility act, and the drivers license law, are in complete harmony and indicate a clear intention of the legislature to provide the commissioner with authority to revoke a license after a first conviction of driving an automobile while intoxicated. The intention of the legislature to require a revocation of license on first conviction of driving while intoxicated without a recommendation of court is further emphasized in the fact that the drivers license law, Minn. St. 1941, § 171.04 (Mason St. 1941 Supp. § 2720-144a), not only provides for such revocation, but the safety responsibility act, Minn. St. 1941, § 170.02 (Mason St. 1940 Supp. § 2720-102), has a similar provision. Under the safety responsibility act it is provided that the right of a driver to operate a motor vehicle shall be revoked by the commissioner upon a conviction of driving while intoxicated and shall not be reinstated until proof of financial responsibility is furnished. We find no ambiguity in the statutes in question as they now exist, and therefore a construction of the provisions is unnecessary. In 6 Dunnell, Dig. & Supp. § 8938, it is stated:

"Construction lies wholly in the domain of ambiguity. If the language of a statute is plain and unambiguous, there is no room for construction. A statute is to be enforced literally as it reads, if its language embodies a definite meaning which involves no absurdity or contradiction. In such a case the statute is its own best expositor." See cases cited thereunder.

We find this general rule applicable here, that when language is unambiguous the clearly expressed intention of the legislature must be given effect and that there is no room for construction. State ex rel. Mergens v. Babcock, 175 Minn. 583, 222 N. W. 285; Hall Hardware Co. v. Gage, 197 Minn. 619, 268 N. W. 202. The trial court erred, therefore, in holding that the Ausman case is controlling under the statutes as they exist at the present time, and that revocation is not permitted upon conviction of a first offense of driving while intoxicated without a recommendation by the trial court.

In the memorandum attached to the court's order it is apparent that the words "suspension" and "revocation" were used interchangeably and synonymously in considering the pertinent provisions of the statutes. Minn. St. 1941, § 171.16 (Mason St. 1940 Supp. § 2720-145a), provides that for any conviction of offenses under the state law regulating the operation of motor vehicles upon the highways, except parking violations, the court may recommend *suspension* of the driver's license of the person so convicted. A similar provision for recommendation of *suspension* of a license for conviction under an ordinance is found in *Id.* § 171.16, 2nd par. (§ 2720-145a[b]). Although the legislature removed the provision for recommendation by the court for *revocation* of a license in the event of a conviction of drunken driving, it left in the statutes the provisions for recommendation by the trial court of *suspension* of license on conviction of other traffic offenses, except parking violations. In discussing the statutes in question, the trial court, in its memorandum, substituted the word "revocation" for "suspension" in the statute, and, in holding that the Ausman case still controls, based its conclusion on an erroneous premise. Section 171.16 provides that the court may recommend the *suspension* of the driver's license in case of traffic violations, except parking, and not *revocation,* as indicated in the trial court's memorandum. A study of the provisions of the law with reference to suspension indicates a clear distinction between suspension and revocation of licenses. This difference is illustrated in the discretion given the

court to recommend suspension of licenses for all minor traffic offenses, except parking violations, whether under an ordinance or the state statute; whereas, in case of a first conviction for driving while drunk, the license is to be revoked by the commissioner without such recommendation. The apparent purpose of this legislation is to give the court power to recommend *suspension* in cases of minor traffic violations where there are aggravated circumstances, but, because of the seriousness of the offense of drunken driving, to provide for *revocation* of the license on first conviction *without recommendation.*

■ The offense of driving an automobile while intoxicated has created one of the worst menaces and hazards to society existing upon our public highways. The loss of life and damage to property caused thereby is appalling. To protect the public from this danger, the legislature has seen fit to provide by law that, upon a first conviction of driving an automobile while intoxicated, the driver's license shall be revoked by the commissioner. We should not thwart such a salutary and commendable purpose of the legislature by a construction that does violence to the clear and unambiguous language of the statutes. We hold, therefore, that the commissioner is required to revoke a driver's license upon a first conviction of the offense of driving a motor vehicle while under the influence of intoxicating liquor without a recommendation by the court before which the conviction was had.

Reversed.