# KENNETH ASLAKSON v. STATE DEPARTMENT OF HIGHWAYS.[1]

June 9, 1944.

No. 33,696.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, and *Bert McMullen* and *Louis B. Brechet,* Special Assistant Attorneys General, for relator.

*Edwin Murphy,* for respondent.

PETERSON, JUSTICE.

Respondent was awarded compensation for personal injuries sustained while engaged in cleaning the tail-gate on his truck as arising

[1]Reported in 15 N. W. (2d) 22.

out of and in the course of his employment. The question for decision is whether the evidence sustains a finding that he was an employe rather than an independent contractor.

In May 1942, respondent was hired by the state highway department under what is called a "Rental Agreement For Truck And Operator," by the terms of which he agreed to furnish the truck and operate it himself personally, or furnish an operator satisfactory to the department, at a stipulated compensation per hour of operation. The contract is couched in terms applicable to personal services. It reserved to the highway department the right to exercise control as to the details of performance. The evidence shows that the power to control was exercised. There are other provisions to the effect that the contract was in accordance with L. 1941, c. 478, § 1(d), authorizing rentals of equipment and animals with operators or drivers furnished, payment for which is estimated to be less than $200 in any 30-day period to any particular *vendor;* that the period of service may be terminated by the commissioner of highways or his authorized representative at any time without prior notice; that "no civil service status will be acquired by virtue of such services"; and that the truck owner would carry insurance coverage for public liability and property damage or authorize a deduction from his earnings to pay for such coverage.

The contract between the state and the respondent was entered into on behalf of the state by the commissioner of highways through his representatives pursuant to authorization by the commissioner of administration under rules prescribed by the latter in the exercise of statutory authority under Mason St. 1940 Supp. § 53-18f(d), as amended and clarified by c. 478, providing that the commissioner of highways might expend for the rental of a truck and operator the amount of which is estimated to be less than $200 per month to an individual *vendor* on the open market at rates fixed by him within appropriate areas throughout the state.

Relator concedes, as it must, that, apart from c. 478, the statute under which the contract was let, and the state civil service act, the evidence justified a finding, because of its right of control and

the control exercised over respondent in performance of the contract, that respondent was an employe, not an independent contractor; but it contends that under the statutes mentioned the only hiring authorized was as an independent contractor, with the necessary consequence that he became such in virtue of the statutes, and that, since the right to workmen's compensation is predicated upon the existence of an employer-employe relationship, there was no basis for the award made here. Respondent in effect admits that generally under the state civil service act any employment not made as therein provided is prohibited and that his employment was not authorized or attempted thereunder, but he contends that express authorization for the employment is found in c. 478, and that, since the employment was authorized, the relation of master and servant existed and the award of compensation was justified.

The problem presented is one of statutory construction. At the time of the accidental injury, employes of the state highway department were covered by the workmen's compensation act. Minn. St. 1941, § 176.73 (Mason St. 1940 Supp. § 4337-1). The state civil service act prohibited the employment of any person except in the manner therein provided. Minn. St. 1941, § 43.09, subd. 4 (Mason St. 1941 Supp. § 254-57[3]). Therefore, unless authority for an employment can be found in c. 478 (Minn. St. 1941, § 16.07 [Mason St. 1941 Supp. § 53-18f]), there was no legal employment. Chapter 478, so far as here material, reads:

"(d) * * * All rentals of equipment and animals with operators or drivers furnished the amount of which is estimated to be less than $200 in any 30 day period shall be made in accordance with rules prescribed by the commissioner of administration."

The civil service act is a general one which by its terms is applicable to all employments in the state service except those therein excluded. Employment of the kind here involved is not expressly excluded. The rentals agreement statute is a special provision covering a particular hiring—one that governs the hiring not only of persons, but of trucks or animals also, where the expendi-

ture to a particular "vendor" for any 30-day period is estimated to be less than $200. The rule of construction prescribed by L. 1941, c. 492, § 26, Minn. St. 1941, § 645.26 (Mason St. 1941 Supp. § 10933-27), is that, where there is apparent conflict between a general provision of law and a special provision in the same or another law, the two shall be construed together and, if possible, harmonized and reconciled and effect given to both. See, Ausman v. Hoffmann, 208 Minn. 13, 292 N. W. 421; Halverson v. Elsberg, 202 Minn. 232, 277 N. W. 535. "* * * the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision." 50 Am. Jur., Statutes, § 367. The two statutes can be reconciled. The statutes draw a clear distinction between two kinds of employment or hiring. The civil service act relates only to the employment of persons. It does not include the hiring of trucks and animals. The rentals agreement statute relates to the hiring of both trucks or animals and operators or drivers, respectively, as the case may be, under a unitary hiring. The fact is that the unitary hiring, as a part thereof, includes the hiring of men. The rentals agreement statute is silent with respect to the question whether a hiring thereunder should be upon an independent contractor or employe basis. The degree of control to be exercised by the commissioner of highways over operators and their trucks is a detail relating to the performance of the contract and must be determined by practical considerations. The statute left the matter of control to the discretion of the commissioner of administration in prescribing rules for making such rentals. The power to determine the degree of control to be exercised over an operator of a truck includes that of determining as a necessary incident thereof whether the hiring shall be upon an *employe* or *independent contractor* basis, because whether it be the one or the other depends upon the degree of control reserved and exercised. Under the rules, at least from the time of the enactment of c. 478, the commissioner of highways has been authorized to reserve and exercise such control over the "vendors" as to create between the state and the operator of a truck hired thereunder the relationship

of employer and employe. Consequently, there was legal authority in the commissioner of highways to hire respondent as an *employe.* Where there is authority for the particular hiring, it makes no difference that generally employes in the employment of a public employer are required to be employed under civil service. Michels v. City of St. Paul, 193 Minn. 215, 258 N. W. 162.

Writ discharged and award affirmed.