## FRANZ JEVNE v. COMMISSIONER OF TAXATION.[1]

March 2, 1956.

No. 36,640.

*Miles Lord,* Attorney General, *Arthur C. Roemer,* Special Assistant Attorney General, for relator.

*Franz Jevne, Jr.,* for respondent.

MATSON, JUSTICE.

Certiorari to review a decision of the Board of Tax Appeals adverse to the relator, the state commissioner of taxation.

[1]Reported in 75 N. W. (2d) 477.

458

Throughout the year 1945, and since, the taxpayer has been a member of a family law partnership consisting of himself and his two sons. The 1945 partnership return reported the partnership income as being distributed 40 percent to the taxpayer, 40 percent to the older son, and 20 percent to the younger son. The taxpayer's individual returns to the Federal and state governments were based on such income distribution. Pursuant to an audit, the United States Bureau of Internal Revenue concluded that the younger son was not a bona fide member of the partnership and proposed that the taxpayer's 1945 income tax return be amended to show that the taxpayer's share of income be fixed at 66 2/3 percent and that additional income taxes be levied against him accordingly. After filing a written protest against the additional assessment, the taxpayer entered into a stipulation with the Bureau of Internal Revenue whereby he was assessed an additional Federal tax for the year 1945 of $14,309.38 plus interest of $4,111.10, for a total increased tax liability of $18,420.48. The taxpayer paid the above amount in 1950, and in the same year deducted it from his gross income in his Minnesota tax return.

Relator, the Minnesota commissioner of taxation, in 1951 proposed a similar settlement and increase in the state income taxes for 1945. Despite the settlement with the Bureau of Internal Revenue, the partnership filed a written protest with the commissioner contending that the younger son was a bona fide member of the partnership. Apparently assuming the validity of the protest, the commissioner made no order assessing an additional Minnesota tax for 1945. In 1951, however, both the Federal government and the state assessed an additional tax against the taxpayer for the year 1947. The taxpayer assented to such increase and paid the same.

In 1953 the commissioner proposed that the taxpayer's return for the year 1950 be adjusted so as to disallow the deduction taken by the taxpayer for the additional Federal taxes which he paid in 1950 for the year 1945 in the sum total of $18,420.48. Over the taxpayer's protest, the commissioner disallowed the deduction on the ground that such additional Federal taxes pertained to income not included

in the measure of the tax imposed by the Minnesota act. The taxpayer appealed from the decision of the commissioner to the Board of Tax Appeals on the ground that the additional Federal income tax and interest for 1945, which was paid in 1950, were allocable to a class of income included in the measure of the tax imposed by the Minnesota act and were therefore proper deductions. The Board of Tax Appeals reversed the order of the commissioner and allowed the deductions.

All issues involved herein, including that of estoppel, are governed and controlled by our decision, filed herewith, in the case of Bremer v. Commr. of Taxation, 246 Minn. 446, 75 N. W. (2d) 470.

For the reasons stated in that opinion, the decision of the Board of Tax Appeals is affirmed.

Affirmed.