383 P.2d 192

**BOARD OF MEDICAL EXAMINERS of the State of Arizona, and Carl H. Gans, Zenas B. Noon, Miquel A. Carreras, Thomas H. Bate, and Joseph P. McNally, members of said Board, Appellants,**

v.

**Friedel B. SCHUTZBANK, Appellee.**

**No. 7112.**

Supreme Court of Arizona.

July 3, 1963.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concurring.

Wade Church, Atty. Gen., D. Kelly Turner and H. B. Daniels, Asst. Attys. Gen., for appellants.

Silver, Silver & Ettinger, by Rose Silver, and Robert Morrison and W. T. Holmes, by Reuben R. Rubinstein, Tucson, for appellee.

UDALL, Vice Chief Justice.

This is an appeal from an order of the trial court reversing the decision of the Arizona State Board of Medical Examiners which revoked the license of Dr. Friedel B. Schutzbank, a medical practitioner, to engage in the practice of medicine and sur-

gery in this state. The parties to this action will hereinafter be referred to as the Board and petitioner.

The Board ordered petitioner on the 11th day of September 1956 to show cause why his license to practice should not be "suspended" because of alleged unprofessional conduct in violation of A.R.S. § 32–1452, subd. D and § 32–1401(2). Pursuant to this citation the petitioner duly answered the complaint made against him, and appeared and defended himself before the Board. At the conclusion of the hearing the Board determined that petitioner was guilty of the charges stated in the pleadings and on the 20th day of July 1957 issued its order "revoking" petitioner's license to practice medicine and surgery in the state of Arizona.

Thereafter, the petitioner appealed to the Superior Court of Maricopa County, contending that the Board acted without authority since the citation informed the petitioner that his license, if he were found guilty, would be "suspended", whereas it was in fact "revoked".

The appeal asked for a judicial review as provided in A.R.S. § 32–1453. The petitioner and the Board filed briefs and presented oral arguments before the court, and on the 22d day of March 1960 the court entered the following order:

"IT IS ORDERED that the order of the Board is reversed on the grounds that (it) failed to give proper notice of the nature and purpose of the hearing in that the order to show cause required the petitioner to show why his license should not be suspended."

The Board contends that the citation adequately informed petitioner of the nature and purpose of the hearing in that it complied with statutory procedure as well as procedural due process. It argues that even though the word "revoked" should have been included in the notice and citation the substantial rights of the appellee were not prejudiced by the administrative findings of the Board since the petitioner was fully informed of the charges against him and was given adequate opportunity to prepare his defense. The Board further contends that the prayer in the pleadings asking for suspension does not affect the jurisdiction of the Board to take the disciplinary action that it deems proper at the conclusion of the hearing.

The petitioner contends, however, that the citation did not adequately inform him of the nature and purpose of the hearing since the citation clearly stated that, if the charges were substantiated by the testimony, at most petitioner would only have his license suspended. This point was further emphasized in the citation wherein the petitioner was given twenty days after the

citation was served in which to respond to the same and was notified that if he did not respond a default would be entered and his license to practice would be suspended.

Under the provisions of A.R.S. § 32-1452, subd. (D) the Board could have followed any one of three proceedings:

(a) a proceeding to suspend the license;

(b) a proceeding to revoke the license; or

(c) a proceeding in the alternative to suspend or revoke, and the petitioner asserts that he was entitled to be notified, in advance of the hearing, the proceeding that the Board intended to follow.

There is no doubt but that the Board had ample authority under a proper showing to either suspend or revoke the license of the petitioner; but, once having determined on a course that would lead to the suspension of the license, we agree with the petitioner that the Board could not, at the conclusion of the hearing, revoke the license. The Arizona statute A.R.S. § 32–1452, subd. (F) clearly states the distinction between the two words:

"Upon revocation of a certificate the holder thereof is disqualified from practicing medicine and surgery. Upon suspension of a certificate the holder thereof is disqualified from practicing medicine and surgery during such suspension."

In the case of Martinka v. Hoffmann, 214 Minn. 346, 9 N.W.2d 13 (1943), it was held that the words "suspension" and "revocation" are not synonymous.

In the case of Hart v. Bayless, 86 Ariz. 379, 388, 346 P.2d 1101 (1959), we stated:

"This Court has held that, where a jurisdictional notice is required to be given in a certain manner, any means other than that prescribed is ineffective. See Yuma County v. Arizona Edison Co., 65 Ariz. 332, 180 P.2d 868. *This is so even though the intended recipient of that notice does in fact acquire the knowledge contemplated by the law. Such a rule is no mere 'legal technicality'; rather it is a fundamental safeguard assuring each citizen that he will be afforded due process of law.* Nor may the requirement be relaxed merely because of a showing that certain complaining parties did have actual notice of the proceeding." (Emphasis supplied.)

Although the Hart case deals with other procedural matters it does serve as a guide to us in the present case.

The notice of hearing in the case before us, to which a complaint seeking to suspend the petitioner was attached, used the phrase "be suspended" in three different respects and the petitioner was never advised of the true purpose or nature of the hearing that sought to have his license to practice medicine "revoked".

At the conclusion of the judicial review the court could have taken any one of the following courses of action as provided in A.R.S. § 32–1453, subd. (G):

"The court may affirm the decision of the board or remand the case for further proceedings, or it may reverse or modify the decision if the substantial rights of the petitioners have been prejudiced because the administrative findings of the board are:

\*     \*     \*     \*     \*     \*

"2. In excess of the statutory authority or jurisdiction of the board.

\*     \*     \*     \*     \*     \*

"5. Arbitrary or capricious."

The order of the Board revoking the license of the petitioner, in view of the notice of hearing and petition for suspension of the license, was in excess of statutory authority and the jurisdiction of the Board. Likewise, said order was arbitrary and without proper legal foundation.

Judgment of the Superior Court is affirmed.

BERNSTEIN, C. J., and STRUCK-MEYER and JENNINGS, JJ., concurring.

NOTE: Since Justice LORNA E. LOCK-WOOD sat as trial judge on this matter she has disqualified herself from sitting on this appeal.